## Fitzsimmons-Kreider Milling Company, Appellee, v. Millers Mutual Fire Insurance Association of Illinois, Appellant.

1. PLEADING—*when demurrer to plea properly sustained.* A plea relying upon the provisions of an insurance policy is bad where it merely avers conclusions as to the tenor and effect of the provisions in question.

2. TRIAL—*when overruling of challenge for cause not prejudicial.* In the absence of a showing by the complaining party that it was required to take an objectionable juror after exhausting its peremptory challenges, the action of the court in overruling prior challenges for cause will not be considered.

3. APPEALS AND ERRORS—*when estoppel to complain of instruction arises.* An instruction cannot be complained of if the subject-matter thereof has been recognized as correct by an instruction given at the instance of the complaining party.

4. INSTRUCTIONS—*effect of inconsistency.* A party cannot complain of the refusal of the court to give an instruction which is inconsistent with another instruction given at its instance.

Assumpsit. Appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911.

KIRBY, WILSON & BALDWIN and BARGER & HICKS, for appellant.

BELLATTI, BARNES & BELLATTI and THOMAS BATES, for appellee.

PER CURIAM: This is an action in *assumpsit* by appellee against appellant to recover upon an insurance

THIRD DISTRICT—MAY, 1911.    543

Fitzsimmons-Kreider M. Co. v. Millers M. F. I. Co., 161 Ill. App. 542.

policy issued by appellant to appellee covering loss or damage by fire to a flour mill owned by appellee and operated by Goebel & Burr as lessees. Upon the trial of the cause in the Circuit Court of Morgan county there was a verdict and judgment against appellant for $3,232.68. Appellee had a like policy of insurance upon the same property in the Ohio Millers Fire Insurance Company, an action upon which policy resulted in a judgment against said company and an appeal from said judgment to this court, where the judgment was affirmed. Fitzsimmons-Kreider Milling Co. v. Ohio Millers Mut. Fire Ins. Co., 158 Ill. App. 174. The evidence in both cases upon the issue involving the alleged failure of appellee's lessees to operate the mill for a period of sixty days as required by the policies was the same and what is said relative thereto in the opinion in the former case is applicable to and is adopted in this case.

The third plea filed by appellant sought to set up as a defense the alleged failure of the lessees of appellee to keep a watchman on duty in the mill at all times when the same was not in operation, as provided in the application for the policy. To this plea a demurrer interposed by appellee was sustained by the court, and appellant elected to abide its plea and now assigns as error the action of the court in sustaining said demurrer. The demurrer was properly sustained because the plea avers merely the conclusions of the pleader as to the tenor and effect of the provisions of the application.

It is next urged that appellant's challenge for cause of two jurors, who were peremptorily excused by it, was improperly overruled. Appellant after exhausting its peremptory challenges completed the panel with jurors, who, for aught that appears in the record were wholly satisfactory to it. In the absence of a showing by appellant that it was required to take an objectionable juror after exhausting its peremptory chal-

lenges, the action of the court in overruling the prior challenges for cause will not be considered. Spies v. People, 122 Ill. 1.

Appellant cannot complain of the third instruction given at the instance of appellee, because the thirteenth instruction given at its request recognized the operation of the mill for other purposes than grinding wheat flour as proper within the terms of the policy. The eighteenth instruction tendered by appellant was properly refused because it was inconsistent with the thirteenth instruction given at its instance. There is no merit in appellant's contention that a flouring mill may not be properly operated to grind other flour than wheat flour. There is no such restriction in the policy.

We observe no serious impropriety in the language used by counsel for appellee in argument to the jury, and the direction by the trial court to the jury to disregard the same was most favorable to appellant.

There is no reversible error in the record and the judgment will be affirmed.

*Affirmed.*